UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Plaintiff,

vs.                                        CASE NO.:

JOHN GREGORY UEBEL,
FAMILY PROMISE OF HILLSBOROUGH
COUNTY, INC., DEBORAH LYNN
WOOLEVER and JAMES IRVING
WOOLEVER,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Allstate Fire and Casualty Insurance Company (Allstate), sues the Defendants, JOHN GREGORY UEBEL, FAMILY PROMISE OF HILLSBOROUGH COUNTY, INC., DEBORAH LYNN WOOLEVER and JAMES IRVING WOOLEVER, and alleges the following:

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. Section 2201.

2. This action is within the jurisdiction of the United States District Court pursuant to 28 U.S.C. Section 1332(a)(1).

3. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states, as demonstrated below.

4. At all times material hereto, Plaintiff Allstate Fire and Casualty Insurance Company (Allstate) was and is an Illinois corporation with its principal place of business in Illinois.

5. At all times material hereto, Defendants, JOHN GREGORY UEBEL, DEBORAH LYNN WOOLEVER and JAMES IRVING WOOLEVER, were and are citizens of the State of Florida.

6. FAMILY PROMISE OF HILLSBOROUGH COUNTY was and is a Florida corporation with its principal place of business in Florida. FAMILY PROMISE OF HILLSBOROUGH COUNTY, INC. is the successor, by name change in 2019, to FAMILY PROMISE OF GREATER BRANDON, INC.

7. Venue for this action properly lies within the Middle District, Tampa Division of this Court, as demonstrated below.

8. This action involves the question whether liability coverage is available under an Allstate Auto Policy for personal injury claims arising from an auto accident that occurred on or about June 9, 2020 in Hillsborough County, Florida (herein the subject accident).

9. DEBORAH LYNN WOOLEVER and JAMES IRVING WOOLEVER alleged that they suffered personal injuries in the subject accident, and they have filed a civil suit in Hillsborough County, Florida, with Case No. 2020-CA-8949 (herein the <u>Woolever</u> lawsuit).

10. The <u>Woolever</u> lawsuit was brought against JOHN GREGORY UEBEL and FAMILY PROMISE OF GREATER BRANDON, INC. although FAMILY PROMISE OF HILLSBOROUGH COUNTY, INC. was in existence at the time of the subject accident. The corporation will be referred to as FAMILY PROMISE herein.

11. At the time of this accident, JOHN GREGORY UEBEL was the named insured on the Auto Policy, number 988037823, that was issued by Plaintiff, Allstate (herein the subject Auto Policy).

12. A copy of the subject Auto Policy, for the applicable renewal period, is attached hereto as **Exhibit A** with bates numbered pages A1 through A69.

13. A copy of the Complaint in the <u>Woolever</u> lawsuit is attached hereto as **Exhibit B**.

14. The <u>Woolever</u> Complaint alleges that JOHN GREGORY UEBEL was "the driver of a vehicle, operating said vehicle within the course and scope of his employment with Defendant, FAMILY PROMISE," at the time of this accident.

15. The Woolever Complaint alleges that DEBORAH LYNN WOOLEVER and JAMES IRVING WOOLEVER both "suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of the enjoyment of life, expense of treatment, past and future, a loss of earning capacity, an aggravation of a pre-existing condition, and lost wages. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future."

16. The subject Auto Policy carried liability coverage in the amount of $50,000 each person/$100,000 each occurrence subject to the terms, conditions, limitations, and exclusions in the policy. As such, there is $100,000 in potential liability coverage at issue for the bodily injury claims of DEBORAH LYNN WOOLEVER and JAMES IRVING WOOLEVER.

17. Allstate is defending JOHN GREGORY UEBEL and FAMILY PROMISE in the Woolever lawsuit pursuant to a reservation of rights.

18. Allstate has incurred and may continue to incur expenses in defending JOHN GREGORY UEBEL and FAMILY PROMISE in the Woolever lawsuit.

19. The insuring obligation and the liability coverage provisions of the subject Auto Policy are found at Part I - Automobile Liability Insurance Bodily Injury Liability – Coverage AA  Property Damage Liability – Coverage BB, which provide in part as follows: "**We** will not defend an **insured person** sued for

damages which are not covered by this policy." See Allstate Auto Policy (Exhibit A hereto at page A21).

20. The subject Auto Policy has the following definition of "insured person" for purposes of liability coverage:

    a)    While using **your insured auto** other than a **non-owned auto**:
        1)    **you**;
        2)    any **resident**; and
        3)    any other person using it with **your** permission.

    b)    While using a **non-owned auto**:
        1)    **you**; and
        2)    any **resident** relative.

    c)    Any other person or organization liable for the **insured auto** if the **auto** is not owned or hired by that **insured person** under 3 a) or b) above and then only for that person's acts or omissions.

See Allstate Auto Policy (Exhibit A hereto at page A22).

21. The subject Auto Policy excludes liability coverage for:

**Exclusions – What Is Not Covered**
**We** will not pay for any damages an **insured person** is legally obligated to pay because of:

    2.    **bodily injury** or **property damage** arising out of the use of:
        a)    an insured auto while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
        b)    any auto an insured person is driving while available for hire by the public.

See Allstate Auto Policy (Exhibit A hereto at page A22).

22. It is Allstate's position that liability coverage is not available for the subject accident. The accident occurred while JOHN GREGORY UEBEL was carrying a passenger in his insured auto for compensation.

23. As noted, the <u>Woolever</u> Complaint alleges that JOHN GREGORY UEBEL was working for FAMILY PROMISE at the time of the accident. Specifically, JOHN GREGORY UEBEL was carrying a passenger for FAMILY PROMISE. As a result, liability coverage is excluded based upon exclusion #2 quoted above.

24. Allstate is in need of and entitled to a declaration of rights under the subject Auto Policy.

25. Allstate is in need of judicial interpretation or construction of the aforementioned Auto Policy as related to the claims made relating to the subject accident.

26. There exists a bona fide, actual and present dispute between Plaintiff and these Defendants.

27. Allstate is without an adequate remedy at law except by this Court's Declaratory Judgment.

WHEREFORE, Plaintiff, Allstate Fire and Casualty Insurance Company, requests that this Court issue a judgment declaring the following:

(1) There is no insurance coverage afforded by Allstate under the subject Auto Policy for the subject accident; and

(2) There is no insurance coverage afforded by the subject Auto Policy for the claims being made in the <u>Woolever</u> lawsuit; so Allstate has no duty to defend or indemnify JOHN GREGORY UEBEL and FAMILY PROMISE in Case No. 2020-CA-8949.

Dated:                                                   Respectfully submitted,

                                                                  s/ David B. Shelton
DAVID B. SHELTON, ESQUIRE
Florida Bar No. 0710539
E-mail: dshelton@rumberger.com
       docketingorlando@rumberger.com and
       dsheltonsecy@rumberger.com
       (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida  32801
Tel.:  (407) 872-7300
Fax:  (407) 841-2133
Counsel for Plaintiff,
Allstate Fire and Casualty Insurance Company