UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

      Plaintiff,

vs.                                CASE NO.: 8:21-cv-00299-SDM-CPT

JOHN GREGORY UEBEL,
FAMILY PROMISE OF
HILLSBOROUGH COUNTY, INC.,
DEBORAH LYNN WOOLEVER,
JAMES IRVING WOOLEVER, and
LEONARDO PINTOS,

      Defendants.
_____/

**PLAINTIFF, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT AND/OR FINAL DECLARATORY JUDGMENT AGAINST JOHN GREGORY UEBEL**

This is a declaratory judgment action with respect to an auto insurance policy issued by Allstate Fire And Casualty Insurance Company (Allstate) to John Gregory Uebel. A clerk's default was entered against Mr. Uebel. *See* Doc. 18. This Court recently entered an Order granting Allstate's motion for summary judgment, but directing Allstate to move for default judgment against Mr. Uebel. *See* Doc. 55, page 7. Allstate hereby moves for default judgment against Mr. Uebel. *See* Fed. R. Civ. Pro. 55(b)(1). Mr. Uebel advised

undersigned counsel that he will not oppose Allstate's motion. *See* Exhibit A hereto.

## Memorandum of Law

A "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *See Baskin v. Antle*, 2015 WL 4042102 at *1 (M.D. Fla. 2015), *citing*, *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005). Here, the following well-pleaded allegations of fact are deemed admitted by Mr. Uebel:

An auto accident occurred on or about June 9, 2020 in Hillsborough County, Florida;

JOHN GREGORY UEBEL was the named insured on the Allstate Auto Policy;

The Allstate Auto Policy has an exclusion for "**bodily injury** or **property damage** arising out of the use of: a) an insured auto while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally;"

The accident occurred while JOHN GREGORY UEBEL was working for FAMILY PROMISE;

The accident occurred while JOHN GREGORY UEBEL was carrying a passenger in his insured auto;

The accident occurred while JOHN GREGORY UEBEL was carrying a passenger in his insured auto for compensation.

*See* Doc. 1, at page 2 ¶8, page 3 ¶11, page 5 ¶21, and page 6 ¶¶22-23; *see also* Doc. 24, page 2 ¶8, page 3 ¶12, page 7 ¶29, and page 7 ¶¶32-34. Allstate's well-pleaded allegations of fact are binding on Mr. Uebel for purposes of this claim for declaratory relief. *See Progressive Exp. Ins. Co. v. Faura*, 2019 WL 10092521 (S.D. Fla. 2019); Fed. R. Civ. Pro. 55(b)(1); Fed. R. Civ. Pro. 5(a)(2).

A defaulted defendant does not admit conclusions of law. *Baskin v. Antle*, 2015 WL 4042102 at *1. Whether coverage is provided by an insurance policy is a question of law which must be resolved by applying the admitted facts to the policy exclusions and provisions. *Progressive Am. Ins. Co. v. Downey*, 2020 WL 9210740 at *2 (S.D. Fla. 2020); *Atlantic Cas. Ins. Co. v. Innovative Roofing Systems, Inc.*, 411 F. Supp. 3d 1287, 1290 (M.D. Fla. 2019).

As shown, the well-pleaded allegations of fact establish that Mr. Uebel was carrying a passenger in his insured auto for compensation at the time of his June 9, 2020 accident. Those admitted facts fall within Allstate's carry-for-compensation exclusion, *i.e.* excluding use of an insured auto to carry persons for any form of compensation.

Because the admitted facts fall within the carry-for-compensation exclusion, a default judgment should be entered against Mr. Uebel declaring that no liability coverage is available from the Allstate Auto Policy for his accident. *See Progressive Am. Ins. Co. v. Downey*, 2020 WL 9210740 at *2

3

(because the admitted facts established that the insured was engaged in excluded activity, the retail delivery of food, at the time of his accident, default judgment was warranted declaring that there was no coverage under the policy); *see also State Farm Mut. Auto. Co. v. Dietrick*, 2021 WL 8201552 (M.D. Fla. 2021)(recommending default judgment because admitted facts established no coverage under the policy for Truck and Labor, Inc.); *Progressive Exp. Ins. Co. v. Faura*, 2019 WL 10092521 (S.D. Fla. 2019)(entering default judgment against policyholder because admitted facts established no coverage for damage to the Lamborghini).

Mr. Uebel has involved himself sporadically in this action. Mr. Uebel participated in the initial Case Management Conference (*see* Doc. 16, page 1), he attended mediation (*see* Doc. 43, page 1), and he participated in the Final Pretrial Meeting (*see* Doc. 52, page 1). But he has never filed any pleading, response, or other paper in this case. Allstate has included Mr. Uebel on its filings, including its Motion for Summary Judgment. *See, e.g.*, Doc. 46, page 22. Mr. Uebel did not respond to such motion, and he has written undersigned counsel to advise that he will not respond to this motion. *See* Exhibit A hereto.

Mr. Uebel's limited involvement should not be considered a defense; he has not actually opposed the declaratory relief sought by Allstate. Thus, a default judgment is warranted because Mr. Uebel failed to defend. *See*

*Franquiyama Holdings, Inc. v. Tamayo*, 2020 WL 4279896 (S.D. Fla. 2020) (default judgment warranted against defendant who initially participated in the lawsuit, but failed to plead and ceased its defense of the case); *Global Tech LED, LLC v. Hilumz International Corp.*, 2018 WL 2126956 (M.D. Fla. 2018)(default was warranted against defendant who initially participated in the defense but subsequently ceased its defense after counsel withdrew).

However, recognizing that defaults are disfavored, *see In re Worldwide Web Sys., Inc.*, 328 F. 3d 1291, 1295 (11th Cir. 2003), and in an abundance of caution, Allstate submits that final declaratory/summary judgment could be entered against Mr. Uebel based on the merits because the undisputed record evidence (1) buttresses the admitted facts and (2) proves applicability of the carry-for-compensation exclusion as a matter of law. *See Tokio Marine Specialty Ins. Co. v. Ramos*, 2020 WL 6544626 at *5 n. 2 (S.D. Fla. 2020)(court also granted summary judgment against the defaulted defendant that coverage was excluded based on the well-pleaded allegations supported by the record evidence); *Fifth Third Bank v. Florida Caring Hands Corp.*, 2014 WL 12609868 at *1 (M.D. Fla. 2014)("If the party has satisfied its burden, the Court may rule on the merits and grant summary judgment as opposed to default judgment."), *citing*, *Nationwide Mut. Fire Ins. Co. v. Mitchell*, 911 F. Supp. 230 (S.D. Miss. 1995)(entering summary judgment rather than default judgment against

5

insured, declaring that coverage under policy was excluded); *Johnson v. Riverside Hotel, Inc.*, 399 F. Supp. 1138 (S.D. Fla. 1975)(summary judgment entered against defaulted defendants after court rejected arguments raised by intervenor).

All facts admitted by default have also been confirmed by the evidence already filed in this case. Specifically, the undisputed evidence establishes that Mr. Uebel was transporting a passenger, Leonardo Pintos, for compensation at the time of his June 9, 2020 accident. *See* Doc. 46, pages 6-7. These facts are established through Mr. Uebel's deposition testimony and the discovery responses of his employer, Family Promise. *See* Doc. 45-1, pages 8-11; Doc. 45-2, pages 3-5.

And these same facts were admitted in the parties' Joint Final Pretrial Statement:

> On June 9, 2020 Mr. Uebel was employed by Family Promise as a driver.
>
> On June 9, 2020, Mr. Uebel was involved in a motor vehicle accident with Mr. Woolever, Mrs. Woolever, and Mr. Pintos.
>
> At the time of his accident, Mr. Uebel was working for Family Promise.
>
> At the time of his accident, Mr. Uebel was driving a passenger, Mr. Pintos, from Family Promise's location to a job interview.

*See* Doc. 52, page 6. These fundamental facts have not been challenged.

6

In its recent Order, this Court also noted that no party has disputed these fundamental facts:

> No party disputes (1) that John Uebel's personal automobile, insured by the Allstate policy, collided with the Woolevers' automobile; (2) that the collision occurred while John Uebel drove the automobile in his capacity as an employee of Family Promise; (3) that the collision occurred while John Uebel "used the vehicle to carry persons" (Pintos); and (4) that the hourly wage Family Promise pays John Uebel constitutes "carry[ing] persons … for any form of compensation, including but not limited to … wages generally."

*See* Doc. 55, page 3. This Court concluded: "In other words, no party disputes that the Allstate policy excludes from coverage liability resulting from the June 9, 2020 collision." *See* Doc. 55, page 5.

Based on the same undisputed facts and the Court's conclusion, declaratory judgment should be entered against Mr. Uebel as a matter of law declaring that coverage is excluded. The limited Florida case law addressing these types of exclusions supports entry of such a declaration. *See Almendral v. Security National Ins. Co.*, 704 So. 2d 728 (Fla. 3rd DCA 1998)(excluding coverage because van was being used to transport persons for a fee); *GEICO Ind. Ins. Co. v. Florane*, 2015 WL 11201188 (S.D. Fla. 2015)(coverage excluded for any vehicle used to carry passengers or goods for hire when insured was working as a taxi driver); *see also Esurance Property and Casualty Ins. Co. v.*

7

*Vergara*, 2021 WL 2955962 (S.D. Fla. 2021)(livery exclusion precluded coverage for accident while insured was transporting Uber passengers).

In its recent Order, this Court addressed and rejected the affirmative defenses and other arguments raised by Family Promise. Doc. 55, pages 4-7. Since Mr. Uebel has failed to plead, he has not asserted any affirmative defense for the Court to address. Since Mr. Uebel did not respond to the prior motion for summary judgment and does not intend to respond to this motion, he has not raised other arguments for the Court to address.

Under these circumstances, either default judgment or final declaratory judgment should be entered against Mr. Uebel. The admitted well-pleaded allegations of fact establish that coverage is excluded. In addition, the record evidence and admissions establish that coverage is excluded. Thus, Allstate requests that the Court enter judgment in its favor against Mr. Uebel and declare that Allstate's Auto Policy does not provide liability coverage for Mr. Uebel's June 9, 2020 accident and for the resulting lawsuits so Allstate has no duty to defend or indemnify.

## Local Rule 3.01(g) Certification

Undersigned counsel certifies that he has conferred with Mr. Uebel regarding this matter. Mr. Uebel advised undersigned counsel that he will not oppose Allstate's motion. *See* Exhibit A hereto.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel listed below.  I further certify that I e-mailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participant: **John Gregory Uebel** at **john.g.uebel@gmail.com**.

| Patrick A. Brennan<br>brennan@hdlawpartners.com<br>Nicole R. Ramirez<br>ramirez@hdlawpartners.com<br>**Counsel for Family Promise of Hillsborough County, Inc.** | R. Michael DeLoach<br>michael@deloachlegal.com<br>Allen S. Carman<br>acarman@brandonlegal.com<br>**Counsel for Deborah and James Woolever**<br><br>Alina M. Morros<br>AlinaMorros@AdvocatesForYou.com<br>Litigation@AdvocatesForYou.com<br>**Counsel for Leonardo Pintos** |
|---|---|

 

s/ David B. Shelton
DAVID B. SHELTON
Florida Bar No.:  0710539
E-mail:  dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:   407.872.7300
Fax:  407.841.2133
Attorneys for Plaintiff
Allstate Fire and Casualty Insurance Company